# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIM YVETTE GRAY,
> Appellant,

DOCKET NUMBER
PH-0353-15-0481-I-1

v.

UNITED STATES POSTAL SERVICE,
> Agency.

DATE: September 12, 2016

## THIS ORDER IS NONPRECEDENTIAL[1]

Stanley C. Mason, Joppa, Maryland, for the appellant.

Norma B. Hutcheson, Esquire, Landover, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2        The appellant, a Mailhandler at the agency's Linthicum Incoming Mail Facility in Linthicum, Maryland, sustained an on-the-job injury in 2003, and began receiving Office of Workers' Compensation Programs (OWCP) benefits. Initial Appeal File (IAF), Tabs 1, 8.  At some point, the appellant sought restoration as a partially recovered employee, and the agency returned her to work in a modified rehabilitation position that allowed her to work 8 hours per day rewrapping mail.  As a result of the appellant's "CA-17[2] dated [March 20, 2009] and reassessment of available necessary tasks," on April 26, 2010, the agency offered her the position of Mailhandler (Modified) preparing mail into Automated Compatible Trays on the Automated Flats Sorting Machine on Tour 3 with hours "1550-2200" (6 working hours).  IAF, Tab 3 at 6, 10-11.  The appellant accepted the position.  IAF, Tab 3 at 10.

¶3        On August 4, 2015, the appellant filed an appeal alleging that the agency violated its own policy when it modified her position to less than an 8-hour job without canvassing the local commuting area for a full-time position within her medical restrictions.  IAF, Tab 1.  She asserts that the agency's action constituted a violation of her restoration rights as a partially recovered employee.  IAF, Tab 6.

¶4        Without holding a hearing, the administrative judge issued an initial decision finding that, since the agency restored the appellant to duty as a partially recovered individual, the Board lacked jurisdiction to address her complaints about the particular details of her restoration.  IAF, Tab 10, Initial Decision (ID) at 4.  The administrative judge did not address the timeliness of the appeal in the initial decision.  *Id.*

---

[2] A CA‑17 is an OWCP Duty Status Report.  It is completed by an employee's physician and is part of the agency's medical documentation requirements to restore a partially recovered employee.  *See Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 4 (2008).

¶5      In her petition for review, the appellant alleges that she was working in an 8-hour position that still exists and that the agency, through its National Reassessment Process (NRP),[3] determined that it had only 6 hours of work. Petition for Review File, Tab 1. The appellant alleges that she has shown by preponderant evidence that she has met the conditions set forth in the Board's decision in *Latham* to show that the agency acted arbitrarily and capriciously when it reduced her hours of work from 8 to 6 hours per day. *Id.*

¶6      The Federal Employees' Compensation Act and its implementing regulations at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151; *Manning v. U.S. Postal Service*, 118 M.S.P.R. 313, ¶ 6 (2012); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 9 (2012), *superseded by regulation as recognized in Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404 (2016). In the case of a partially recovered employee, i.e., one who cannot resume the full range of her regular duties but has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements, an agency must make every effort to restore the individual to a position within her medical restrictions and within the local commuting area. *Manning*, 118 M.S.P.R. 313, ¶ 6; 5 C.F.R. §§ 353.102, 353.301(d).

¶7      Under 5 C.F.R. § 353.304(c), an individual who is partially recovered from a compensable injury may appeal to the Board for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration. To establish jurisdiction over her claim that she was denied restoration as a partially recovered employee, an appellant is required to make nonfrivolous allegations of the

---

[3] The stated purpose of the NRP was to review current modified assignments within the agency to ensure that the assignments consisted only of "operationally necessary tasks" within the employee's medical restrictions. *See Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 2 n.4 (2012). The agency has discontinued the NRP. *Id.*

following:  (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d).  *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016).[4]  Because the appellant filed her Board appeal after March 30, 2015, she was required only to make nonfrivolous allegations of jurisdiction to obtain a hearing on the merits.  5 C.F.R. § 1201.57(a)(4).  Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007); 5 C.F.R. § 1201.4(s).

¶8        Here, the appellant satisfied the first two elements of the jurisdictional test. She made nonfrivolous allegations that she was absent from her official position due to a compensable injury and was able to return to part-time duty in a position with less demanding physical requirements.  IAF, Tabs 1, 6.  We examine whether the appellant has presented a nonfrivolous allegation that the agency's decision to reduce her limited duty from 8 hours per day in a position rewrapping mail to 6 hours per day in a Mailhandler (Modified) position constitutes a restoration denial within the meaning of the third element of the jurisdictional test.

¶9        The Board has analyzed the third element of the jurisdictional test in situations like here, when the agency discontinues limited‑duty hours allotted to its partially recovered employees under the NRP.  The Board found in analogous situations under the NRP that an employee challenge to a decision to discontinue

_____

[4] Because the appellant filed her appeal on August 4, 2015, we apply the jurisdictional standard set forth in 5 C.F.R. § 1201.57 for restoration appeals filed on or after March 30, 2015.  *See Hamilton*, 123 M.S.P.R. 404, ¶ 13.

limited‑duty work previously afforded employees with medical restrictions would constitute a nonfrivolous allegation of being denied restoration, satisfying the third element of the test. *Sanchez v. U.S. Postal Service*, 114 M.S.P.R. 345, ¶ 11 (2010).

¶10   As noted above, the reassignment offer accepted by the appellant states that the agency made the offer "[b]ased on the results of [the appellant's] CA-17 dated [March 20, 2009] and reassessment of available necessary tasks." IAF, Tab 3 at 10. The phrase "reassessment of available tasks" suggests that the offer was made pursuant to the agency's NRP; however, the phrase "based on the results of [the appellant's] CA-17 dated [March 20, 2009]" suggests that the offer was based on the medical recommendations of the appellant's physician.

¶11   The appellant submitted a copy of the CA-17 dated March 20, 2009. IAF, Tab 3 at 22. The appellant's physician specified that the appellant can perform most of the physical tasks identified on the form, many for up to 8 hours each day and others for fewer hours each day. *Id.* When the appellant's physician completed the CA-17, the appellant was working within her medical restrictions 8 hours per day for 5 days a week rewrapping mail. *Id.*; IAF, Tab 4 at 6. Although there is some ambiguity in the CA-17, we find that overall it supports a nonfrivolous allegation that the appellant can work an 8-hour day and a 40-hour work week and that she was working in a modified position rewrapping mail that afforded her that amount of work. Thus, the appellant has made a nonfrivolous allegation that, under the NRP, when the agency completely eliminated work previously afforded her and reassigned her to 6 hours of work in a Mailhandler (Modified) position, it denied her request for restoration, satisfying the third prong of the jurisdictional test. *See Sanchez*, 114 M.S.P.R. 345, ¶ 11; *cf. Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473, ¶ 14 (2010) (determining that the agency's partial elimination of previously afforded limited duty constitutes a rescission of a provided restoration).

¶12    As to whether the appellant satisfied the fourth prong of the jurisdictional test, we look to *Latham*, the case relied on by the appellant in her petition for review.   In *Latham*, the Board found that, pursuant to Employee and Labor Relations Manual (ELM) § 546 and Injury Compensation Handbook, EL-505, chapters 7 and 11, the U.S. Postal Service has agreed to restore partially recovered individuals to duty in whatever tasks are available regardless of whether those tasks comprise the essential functions of an established position. *Latham*, 117 M.S.P.R. 400, ¶¶ 31-33.  The agency may discontinue a restoration to a modified assignment comprising tasks within an employee's medical restrictions only when the duties of that assignment no longer need to be performed by anyone or those duties need to be transferred to other employees to provide them with sufficient work, and the transfer of work does not violate any other law, rule, or regulation, including any contractual provision limiting the agency's authority to assign work.  *Id*.  *Latham* set forth the following line of inquiry as a relevant framework for analyzing the "availability" of work under such circumstances:   (1) are the tasks of the appellant's former modified assignment still being performed by other employees? (2) if so, did those employees lack sufficient work prior to absorbing the appellant's modified duties? (3) if so, did the reassignment of that work violate any other law, rule, or regulation?  *Id.*, ¶ 33.  The Board held that an appellant's claim that the agency violated its own rules in denying her restoration should be considered as an alternative means for establishing that the denial was arbitrary and capricious. The Board found further that a denial of restoration is per se arbitrary and capricious if the agency violated its own agency-specific restoration rules, even if those rules afford greater protections than the minimum requirements of 5 C.F.R. § 353.301(d).  *Latham*, 117 M.S.P.R. 400, ¶¶ 12‑14.

¶13    Here, the appellant has alleged that the agency's reassignment pursuant to the NRP violated ELM § 546, the same provision referenced in *Latham*, and she submitted a copy of ELM § 546.  IAF, Tab 3 at 15.  Further, she has alleged that

the task of rewrapping mail that she performed as part of her modified assignment is still being performed by other employees. Under these circumstances, we find that the appellant has made a nonfrivolous allegation that the agency's denial of her request for restoration was arbitrary and capricious because of the agency's failure to perform its obligations under the ELM.

¶14    In sum, we find that the appellant made a nonfrivolous allegation that she was denied restoration as a partially recovered employee. Thus, the Board has jurisdiction over her restoration appeal, and she is entitled to a hearing on the merits of her restoration claim. 5 C.F.R. § 1201.57(a)(4), (b).

¶15    However, because the administrative judge dismissed this appeal for lack of jurisdiction, he did not decide whether the appellant's appeal was timely. ID at 4. He did not provide the parties an opportunity to present evidence and argument concerning the timeliness of that claim. *See Wright v. Department of Transportation*, 99 M.S.P.R. 112, ¶ 12 (2005) (finding that an appellant is entitled to clear notice of the precise timeliness issue and a full and fair opportunity to litigate it).

¶16    We remand the appeal for the administrative judge to allow the parties to present evidence and argument concerning the timeliness of the appeal. If the administrative judge finds that the appeal was timely filed or that good cause exists for any filing delay, he shall hold a hearing on the merits of the appellant's restoration claim, affording her the opportunity to meet her burden to prove the merits of her restoration claim by a preponderance of the evidence. 5 C.F.R. § 1201.57(c)(4).

## ORDER

¶17     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.